(No. 4082— )

VERN A. LANDIS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1948.*

CHARLES G. SEIDEL, Attorney for Claimant.

HON. GEORGE F. BARRETT, Attorney General, and WILLIAM J. COLOHAN, Assistant Attorney General, for Respondent.

BERGSTROM, J.

Claimant, Vern A. Landis, filed his claim on April 13, 1948 for compensation under the Workmen's Compensation Act for injuries he sustained on April 14, 1947 during the course of his employment as a tinner by the Department of Public Welfare, at the Elgin State Hospital.

No jurisdictional questions are presented by the record, and it is admitted by stipulation, that claimant sustained an injury by reason of an accident which arose out of and in the course of his employment on April 14, 1947.

From the evidence, it appears that claimant was removing from an outside, overhead sign at the laundry building, and while engaged in this task the step of a ladder on which he was standing gave way and he fell down, striking the pavement. He was given immediate attention by Dr. Charles K. Bush, Jr. at the general hospital and was removed later the same day to the Sherman Hospital at Elgin. He was hospitalized until May 13th. His leg was placed in traction and he remained at home using crutches and later a cane. He returned to work June 7th. Prior to the accident he was in perfect health, but since then he feels as though he is walking with a pebble in his shoe; his ankle bothers him, and he has more or less constant dull pain. His leg swells if he makes a misstep. Occasionally he has an acute pain. He cannot

run, raise up, climb as well as he did before, or hold his weight on the foot.

Dr. Charles K. Bush, Jr., physician at the Elgin State Hospital, treated claimant on the day of the accident. X-ray revealed a fracture of the heel bone of the right foot with considerable impaction and flattening of the Boehler angle. Dr. Paul Tobin, the orthopedic consultant, recommended that claimant be taken to a private hospital where he could receive the benefit of orthopedic care and traction. Dr. Bush, on the basis of an examination on the day of the hearing, testified there was an increase in the width of the heel and limitation in eversion and inversion. Later X-rays all show complete healing, but the fragments of the foot are out of proper alignment. Pain on walking or climbing is to be expected and also limitation of motion. The disability is probably permanent. In his opinion, claimant would not have the ability he previously had in climbing ladders and involving the use of his foot will probably tire it out quicker than normal.

From the evidence, and personal observation of claimant, Commissioner Blumenthal recommended an award based on 33-1/3% permanent partial loss of the use of claimant's right foot. The Court concurs in this recommendation.

Claimant was forty-nine years old and had no children under sixteen years of age. Medical and hospital expenses aggregating $542.00 were paid by respondent. His earnings for the year preceding his accident were on the basis of $304.50 per month. His compensation rate, therefore, would be $15.00 per week, increased by 20%, or to $18.00 per week, the accident having occurred after July 1, 1945 and before July 1, 1947.

The period of claimant's temporary total incapacity

was from April 14th to June 7th, 1947, and he was entitled to receive compensation from April 15th to June 7th, 1947, a period of seven weeks and four days, at the rate of $18.00 per week, or a sum of $136.29. For this period he was paid the sum of $373.45 for unproductive time, which represents an overpayment of $237.16.

Claimant is entitled to an award based on 33-1/3% permanent partial loss of the use of his right foot, which would be computed on the basis of 45 weeks, at $18.00 per week, or $810.00, from which must be deducted the overpayment of $237.16.

Claimant, Vern A. Landis, is, therefore, awarded $572.84, all of which has accrued and is payable forthwith.

A. M. Rothbart, Court Reporter, 120 South LaSalle Street, Chicago, Illinois, took and transcribed the testimony in this case, and the invoice which he submitted for this work of $36.50 we find to be fair, reasonable and customary. An award is also made to A. M. Rothbart in the sum of $36.50.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."